

**08-CV-00417-CMP**



FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAR 1 2 2008   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                    DEPUTY

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YEDITA KHADERA, KEVIN HUDSON &
SAM RICHARDSON, individually and on
behalf of all others similarly situated,

                                    Plaintiffs,

        v.

ABM INDUSTRIES INCORPORATED,
AMERICAN BUILDING MAINTENANCE
CO. - WEST, and DOES I through X, inclusive,

                                    Defendants.

No. **C 08-0417** MJP

CLASS ACTION COMPLAINT
FOR VIOLATION OF THE FAIR
LABOR STANDARDS ACT,
WASHINGTON STATE WAGE AND
HOUR LAWS, BREACH OF
CONTRACT, AND STATUTORY
DAMAGES FOR UNPAID WAGES

1.      Plaintiffs Yedita Khadera, Kevin Hudson and Sam Richardson ("Plaintiffs") bring

this action against the following Defendant entities:  ABM Industries Incorporated, American

Building Maintenance (form unknown), American Building Maintenance Co. - West and Does I

through X.  All of the above-named defendant entities are referred to in this complaint as

collectively "ABM" or "Defendants."  "Defendants" herein means each of the Defendants as

well as all of them.

2.      Plaintiffs bring this action on behalf of themselves and all others similarly

situated, allege upon information and belief, which is based upon the investigation of their

**ORIGINAL**

CLASS ACTION COMPLAINT  - 1
Case No.

010033-11_228150 V1



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 ● Seattle, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

1   counsel, except as to the allegations concerning Plaintiffs or their counsel which are made upon

2   Plaintiffs' personal knowledge, as follows.

## I.    NATURE OF THE ACTION

3   3.    This is a wage and hour action to vindicate the rights afforded employees by the

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Washington employment law and

Washington contract law.  This action is brought by Plaintiffs for themselves and on behalf of

former and current non-exempt Washington employees of ABM.

4.    This action seeks to vindicate rights arising from ABM's systematic failure to pay

its Washington janitorial employees in conformance with Federal and Washington labor laws.

## II.    JURISDICTION AND VENUE

5.    This Court has subject-matter jurisdiction based on federal question jurisdiction

pursuant to 28 U.S.C. § 1331 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b)

and § 217.

6.    This Court also has supplemental jurisdiction over the Washington state-law

claims pursuant 28 U.S.C. § 1367(a), because these claims are so related to the federal claims

that they form part of the same case and controversy under Article III of the U.S. Constitution.

This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

7.    Venue is proper in the Western District of Washington pursuant to 28 U.S.C.

§ 1391(b) and (c) because this District is the district in which at least one of the Defendants

resides and a district in which a substantial part of the events or omissions giving rise to the

claims occurred and where at least one of the Plaintiffs resides.

## III.    PARTIES

**A.    Plaintiffs**

8.    Plaintiffs are Washington residents at all relevant times.  Plaintiffs are, or were,

non-exempt janitorial employees employed by ABM and its Subsidiaries and business units to

work in the Defendants' business operations at all relevant times.  As a result of Defendants'

CLASS ACTION COMPLAINT - 2
Case No.

**HB**
HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   violations of the Labor Code, Plaintiffs have suffered injury-in-fact and have lost money or

2   property as a result of Defendants' practices. This injury-in-fact and lost money or property

3   consists of the lost wages, premium pay, and other harms provided by the Labor Code as detailed

4   in this Complaint. A tally of these harms cannot readily be determined as the necessary records

5   are held nearly exclusively in Defendants' possession, custody, and control. However, on

6   information and belief, this injury-in-fact amounts to millions of dollars for the class. Plaintiffs,

7   and the class they seek to represent, were regularly subjected to, or had personal knowledge of,

8   the violations described in the Complaint and/or the allegations contained herein made on

9   information and belief based upon investigation of counsel.

10          9.      Plaintiff Yedita Khadera ("Khadera") is a Washington State resident who resides

11  in Bellevue, Washinton. Khadera has been employed by Defendants as a non-exempt janitorial

12  employee between November 22, 2004 and March 5, 2007. Khadera was terminated for her

13  efforts to enforce employee rights. Khadera was required to work off the clock prior to her

14  scheduled shift, was denied the opportunity to receive all of her required rest breaks, failed to

15  receive all of her overtime pay, and did not receive pay for her on-duty meal periods. Khadera

16  has been substantially damaged and harmed by the actions of Defendants as described in the

17  Complaint.

18          10.     Plaintiff Kevin Hudson ("Hudson") is a Washington State resident. At all

19  relevant times herein, Hudson has been employed by Defendants as a non-exempt janitorial

20  employee and is presently employed by Defendants. Hudson was required to work off the clock

21  prior to his scheduled shift, was denied the opportunity to receive all of his required rest breaks,

22  failed to receive all of his overtime pay, and did not receive pay for his on-duty meal periods.

23  Hudson has been substantially damaged and harmed by the actions of Defendants as described in

24  the Complaint.

25          11.     Plaintiff Sam Richardson ("Richardson") is a Washington State resident. At all

26  relevant times herein, Richardson has been employed by Defendants as a non-exempt janitorial

CLASS ACTION COMPLAINT - 3
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   employee and is presently employed by Defendants.  Richardson was required to work off the

2   clock prior to his scheduled shift, was denied the opportunity to receive all of his required rest

3   breaks, failed to receive all of his overtime pay, and did not receive pay for his on-duty meal

4   periods.  Richardson has been substantially damaged and harmed by the actions of Defendants as

5   described in the Complaint.

6   **B.      Defendants**

7           12.     Defendant ABM Industries Incorporated ("ABM Industries") is a facility services

8   contractor with some 75,000 employees nationwide who provide janitorial, parking, security,

9   engineering, lighting, and mechanical services of thousands of commercial, industrial,

10  institutional, and retail facilities in hundreds of cities.  The Corporate headquarters of ABM

11  Industries is located at 160 Pacific Avenue, Suite 222, San Francisco, California 94111.  ABM

12  Industries has created a maze of wholly-owned and closely controlled business units and

13  subsidiaries in an improper attempt to insulate itself from liability from its own actions.  On

14  information and belief, ABM Industries employed Plaintiffs.

15          13.     Defendant American Building Maintenance Co. - West ("ABM West") is a

16  California corporation and a wholly-owned and controlled subsidiary of ABM Janitorial Services

17  Inc., which in turn is a wholly-owned and controlled subsidiary of ABM Industries.  ABM West

18  is a citizen of California and has its headquarters at 160 Pacific Avenue, Suite 222, San

19  Francisco, California 94111.  On information and belief, ABM West also employed Plaintiffs.

20          14.     At all times relevant hereto, Defendants DOES I through X, were and now are

21  corporations, firms, partnerships, associations or other legal entities who committed the acts

22  alleged herein, and acted within the scope of their agency, with the consent, permission,

23  authorization and knowledge of the others, and in furtherance of both their interests and the

24  interests of Defendants they aided and abetted, and with whom they conspired, as set forth

25  below; that the true names, identities or capacities whether individual, corporate, associate or

26  otherwise of the Defendants DOES I through X, inclusive are presently unknown to Plaintiffs,



1  whom therefore sues said Defendants by such fictitious names; that the Plaintiffs are informed

2  and does believe and thereupon alleges that each of the Defendants sued herein as DOES I

3  through X are responsible in some manner for the events and happenings herein referred to,

4  which thereby proximately caused the injuries and damages to the Plaintiffs alleged herein; that

5  when their true names and capacities of such Defendants become known, Plaintiffs will ask leave

6  of this Court to amend this Complaint to insert the true names, identities and capacities, together

7  with proper charges and allegations.

**C.    ABM Industries Exercises Complete Control Over Other Defendants and Its Other Subsidiaries**

15.    Pursuant to ABM Industries' 2006 10-K filing with the Securities and Exchange Commission, Defendant ABM Industries had the following subsidiaries as of October 31, 2004:

| Name | State of Incorporation | Percentage of Voting Securities Owned by Immediate Registrant |
|---|---|---|
| ABM Industries Incorporated | Delaware | |
| (*) ABM Amtech Incorporated | California | 100% |
| ABM Co. of Boston | California | 100% |
| ABM Engineering Services Company | California | 100% |
| ABM Facility Services Company | California | 100% |
| ABM Family Fund Corporation | California | n/a |
| ABM Global Facility Services | California | 100% |
| International Technology Facility Services, LLC | California | 50% |
| ABM Industries Charitable Foundation | California | n/a |
| ABM Janitorial Northeast, Inc. | California | 100% |
| ABM Janitorial Services — Northern California | California | 100% |
| ABM Janitorial Services Co., Ltd. | British Columbia | 100% |
| ABM Lakeside, Inc. | California | 100% |
| ABM Mid-Atlantic, Inc. | California | 100% |
| ABM Payroll Service, Inc. | California | 100% |
| ABM Security Services, Inc. | California | 100% |
| ABM Supply Company | California | 100% |
| ABMI Investment Co. *** | California | 100% |
| American Building Maintenance Co. | California | 100% |
| American Building Maintenance Co. of Georgia | California | 100% |
| American Building Maintenance Co. of Hawaii** | California | 100% |
| Allied Maintenance Services, Inc. | Hawaii | 100% |
| American Building Maintenance Co. of Illinois | California | 100% |

CLASS ACTION COMPLAINT - 5
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

| | | |
|---|---|---|
| American Building Maintenance Co. of Kentucky | California | 100% |
| American Building Maintenance Co. of New York | California | 100% |
| American Building Maintenance Co. of New York — Manhattan | California | 100% |
| American Building Maintenance Co. of Utah** | California | 100% |
| American Building Maintenance Co. — West | California | 100% |
| American Public Services | California | 100% |
| American Commercial Security Services of New York, Inc. | California | 100% |
| American Security and Investigative Services, Inc. | California | 100% |
|   ABMI Security Services, Inc. | California | 100% |
|    American Commercial Security Services, Inc. | California | 100% |
| Ampco — M | California | 99% |
| Ampco System Parking | California | 100% |
| Amtech Energy Services** | California | 100% |
| Amtech Lighting & Electrical Services | California | 100% |
| Amtech Lighting Services | California | 100% |
| Amtech Lighting Services of the Midwest | California | 100% |
| Amtech Reliable Elevator Company of Texas** | Texas | 100% |
| Beehive Parking, Inc.** | Utah | 100% |
| Bonded Maintenance Company | Texas | 100% |
| Bradford Building Services, Inc. | California | 100% |
| Canadian Building Maintenance Company, Ltd. | British Columbia | 100% |
|   Supreme Building Maintenance, Ltd. | British Columbia | 100% |
| CommAir Mechanical Services | California | 100% |
| Commercial Air Conditioning of Northern California, Inc. | California | 100% |
| Commercial Property Services, Inc. | California | 100% |
| Pansini Oakland Associates *** | California | 90% |
| Servall Services, Inc. | Texas | 100% |
| SSA Security, Inc. | California | 100% |
|   Elite Security, Inc. | California | 100% |
| System Parking, Inc. | California | 100% |
| Towel and Linen Service, Inc.** | California | 100% |
| (*) | Subsidiary relationship to ABM Industries Incorporated or to subsidiary parents shown by progressive Indentation. | |
| (**) | Inactive companies | |
| (***) | A Limited Partnership | |

16.    The 2004 10-K constitutes an admission of ABM Industries that ABM Industries

is a joint employer of the employees of ABM Industries and its Subsidiaries. In particular, the

10-K defines "Company" for purposes of the filing as "ABM *and* its subsidiaries" (emphasis

added) and states expressly at pages 5-6 of the 10-K:



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

Employees

> The Company employs approximately 73,000 persons, of whom
> the vast majority are service employees who perform janitorial,
> parking, security, engineering and lighting services.
> Approximately 29,000 of these employees are covered under
> collective bargaining agreements at the local level.  There are
> about 4,000 employees with executive, managerial, supervisory,
> administrative, professional, sales, marketing or clerical
> responsibilities, or other office assignments.

The Company's 2006 10-K claims similarly, that:

> The Company employs approximately 75,000 persons, of whom
> the vast majority are service employees who perform janitorial,
> parking, security, engineering and lighting services.
> Approximately 29,000 of these employees are covered under
> collective bargaining agreements at the local level.  There are
> about 4,000 employees with executive, managerial, supervisory,
> administrative, professional, sales, marketing or clerical
> responsibilities, or other office assignments.

17.     On December 22, 2006, ABM Industries filed with the United States Securities

and Exchange Commission its Annual Report ("10-K") for the Fiscal Year ending October 31,

2006.  As Exhibit 21.1 of this filing ABM Industries must list all of its subsidiaries which it lists

as:

| Name | State of Incorporation | Percentage of Voting Securities Owned by Immediate Parent Registrant |
|---|---|---|
| ABM Industries Incorporated | Delaware | |
| (*) ABM Facility Services Company | California | 100% |
| ABM Engineering Services Company | California | 100% |
| ABM CMS, Inc. ** | California | 100% |
| ABM Janitorial Services, Inc. | Delaware | 100% |
| ABM Co. of Boston | California | 100% |
| ABM Janitorial Northeast, Inc. | California | 100% |
| ABM Janitorial — Northern California | California | 100% |
| ABM Mid-Atlantic, Inc. | California | 100% |
| American Building Maintenance Co. | California | 100% |
| American Building Maintenance Co. — West | California | 100% |

CLASS ACTION COMPLAINT - 7
Case No.

010033-11 228150 V1

HB

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

| | | |
|---|---|---|
| American Building Maintenance Co. of Georgia | California | 100% |
| American Building Maintenance Co. of Hawaii | California | 100% |
| Allied Maintenance Services, Inc. | Hawaii | 100% |
| American Building Maintenance Co. of Kent. | California | 100% |
| American Building Maintenance Co. of New York | California | 100% |
| American Building Maintenance Co. of New York — Manhattan | California | 100% |
| Bonded Maintenance Company | Texas | 100% |
| Bradford Building Services, Inc. | California | 100% |
| Servall Services, Inc. | Texas | 100% |
| ABM Janitorial Services Co., Ltd. | British Columbia | 100% |
| ABM Payroll Service, Inc. | California | 100% |
| ABM Security Services, Inc. | California | 100% |
| SSA Security, Inc. | California | 100% |
| Elite Security, Inc. | California | 100% |
| American Public Services | California | 100% |
| Ampco Pacific Airpark, LLC*** | California | 60% |
| Ampco System Parking | California | 100% |
| Amtech Energy Services** | California | 100% |
| Amtech Lighting & Electrical Services | California | 100% |
| Amtech Lighting Services | California | 100% |
| Amtech Lighting Services of the Midwest | California | 100% |
| Amtech Reliable Elevator Company of Texas** | Texas | 100% |
| Beehive Parking, Inc.** | Utah | 100% |
| Canadian Building Maintenance Company, Ltd. | British Columbia | 100% |
| Supreme Building Maintenance, Ltd. | British Columbia | 100% |
| System Parking, Inc. | California | 100% |
| (*) | Subsidiary relationship to ABM Industries Incorporated or to subsidiary parents shown by progressive Indentation. | |
| (**) | Inactive companies | |
| (***) | A Limited Partnership | |

18.     ABM Industries has adopted a Corporate Code of Conduct which establishes

ultimate control over all labor and employment issues by ABM Industries.  This Code of

Conduct states as follows:

**Code of Business Conduct**

The Board of Directors of ABM Industries Incorporated ("ABM")
has adopted the following Code of Business Conduct and Ethics
(the "Code") for all directors, officers and employees of the
Company.  The "Company" includes **ABM and all of its
subsidiaries and affiliates.**



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

While there cannot be a specific rule for every situation you may encounter in your workday, we have adopted this Code to provide certain baseline principles for the business conduct of the Company's directors, officers and employees. In addition to this Code, you are expected to be familiar with and comply with the Company's various policies and procedures, as well as adhere to the highest ethical standards in all of your business dealings.

The provisions of this Code may only be waived by the President & Chief Executive Officer of ABM or, in the case of corporate and subsidiary directors and officers, by ABM's Board of Directors. Waivers by the President & Chief Executive Officer shall be reported to ABM's Board of Directors within five business days. Waivers of this Code for corporate and subsidiary directors and officers will be promptly disclosed if and as required by law or stock exchange regulation.

VI. COMPLIANCE WITH LAWS, REGULATIONS AND RULES: You are expected to obey and comply with all federal, state and local laws, regulations and ordinances, including but not limited to:

A. Immigration related laws concerning the hiring of legally documented workers;

**B. Employment laws concerning payment of minimum wage, overtime-requirements, child labor and general working conditions;**

C. Labor laws concerning worker organizing and bargaining activities;

D. Health and safety laws concerning the workplace;

E. Civil rights laws concerning harassment and job discrimination;

. . .

H. Laws concerning the proper maintenance of books, records and internal controls; and

I. Any other applicable federal, state or local law, regulation or ordinance.

In addition, you are expected to be familiar with and comply with the Company's various policies and procedures. Violation of Company work rules may result in disciplinary action, up to and including termination.

VII. FAIR DEALING: Each employee is expected to deal fairly with the Company's customers, suppliers, competitors and other



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

010033-11 228150 V1

employees. You should not take unfair advantage of anyone through manipulation, concealment, abuse of confidential information, falsification, is representation of material facts or any other unfair dealing practice. Unauthorized use of covert surveillance equipment, including video, photographic or recording devices, is strictly prohibited.

XII. EMPLOYEE HEALTH AND SAFETY: The Company strives to maintain a safe and healthy work environment for its employees at all times. To that end, you are prohibited from using or possessing alcohol or drugs in violation of any federal, state or local law, regulation or ordinance or Company policy at your workplace or in connection with your work, in a Company vehicle or in any motor vehicle when used in connection with Company business. In addition, you are prohibited from threatening or using any threatening behavior, or possessing any firearm, ammunition, incendiary device or other weapon, at your workplace, in a Company vehicle or at any time in connection with Company business.

...

REPORTING ILLEGAL OR UNETHICAL BEHAVIOR

You are encouraged to talk to your supervisor, manager or human resource representative when in doubt about the best course of action to take in a particular situation. Any director or employee who believes another director, employee or any agent, consultant or contract worker is violating the Company's policies or the law or is engaging in any activity that could damage ABM's reputation to immediately call this to the attention of management, legal counsel or one or more of the following:

• Any person designated in this Code or the Guidelines for Corporate Approval as responsible for compliance in the specified area involved

• The Vice President of Internal Audit

• The Senior Vice President of Human Resources

• ABM's Compliance Hotline

The Compliance Hotline is a toll-free 24-hour service set up for employees to report possible violations of law or ABM policy. The number is 1-800-977-8674 and the Company's ID number is 980040. Employees in Canada and the United States can normally access the Hotline directly. All calls are confidential and employees may choose to make their calls anonymously. Employees may also report issues or problems by mail addressed to: ABM Compliance, ABM Industries Incorporated, 160 Pacific



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1

Ave., Suite 222, San Francisco, CA 94111 or by email to
Compliance@abm.com.

2

**Notwithstanding any other agreement, any violation of this**

3

**Code shall constitute grounds for termination of employment.**
In addition, some Code violations may be serious enough to result

4

in civil or criminal fines and/or imprisonment.

5

**A failure to report a violation is itself a violation of this Code.**

6

Retaliation against anyone who, in good faith, reports a possible

7

violation of any law or Company policy is expressly forbidden.

8

This policy places ABM Industries in complete ultimate control of the Labor and Employment

9

practices of Defendants and the other Subsidiaries. Pursuant to this Code of Conduct, it would

10

be a violation of this Code of Conduct for a Subsidiary to resolve or consider a wage and hour

11

violation without guidance from ABM Industries' Compliance department to resolve this issue.

12

This creates an absolute power of control by ABM Industries over labor and employment issues

13

occurring at ABM Industries, its business units, and its subsidiaries.

14

19.     As part of ABM Industries' 2005 10-K, ABM Industries' CEO signed an SEC

15

certification statement that certifies, among other things, that ABM Industries has implemented

16

and monitored certain controls over its Subsidiaries. This certification attests that ABM

17

Industries' CEO has established and maintained disclosure controls within ABM's Subsidiaries

18

so that material information regarding these Subsidiaries' financial information and the

19

reliability of the financial information is reported directly to ABM Industries. The violations

20

described in this Complaint are material to the financial results of ABM Industries, and therefore,

21

the SEC certification constitutes an admission that ABM Industries was aware of the violations

22

that occurred at its Subsidiaries.

23

20.     Plaintiffs are informed and believe, and based thereon allege, that each of ABM

24

Industries' Subsidiaries were controlled by and acted in all respects pertinent to this action as the

25

agent of ABM Industries. Plaintiffs are also informed and believe, and based thereon allege, that

26

ABM Industries and its Subsidiaries carried out a joint scheme, business plan, or policy in all

CLASS ACTION COMPLAINT - 11
Case No.

010033-11  228150 V1



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1  respects pertinent hereto, and the acts of each Defendant are legally attributable to the other

2  Defendants. ABM Industries' control over its Subsidiaries exceeds the control normally

3  exercised by a parent corporation.

4  ## IV.    FACTUAL BACKGROUND

5      21.    ABM is one of the largest facility services contractors listed on the New York

6  Stock Exchange. With annual revenues in excess of $2.4 billion and approximately 75,000

7  employees, ABM and its Subsidiaries provide janitorial, parking, security, engineering, lighting,

8  and mechanical services for thousands of commercial, industrial, institutional and retail facilities

9  in hundreds of cities throughout the United States and in British Columbia, Canada. As noted in

10  its 2005 10-K:

> The Company performs janitorial services through a number of the
> Company's subsidiaries, primarily operating under the names
> "ABM Janitorial Services," "American Building Maintenance" and
> "ABM Lakeside Building Maintenance." The Company provides
> a wide range of basic janitorial services for a variety of facilities,
> including commercial office buildings, industrial plants, financial
> institutions, retail stores, shopping centers, warehouses, airport
> terminals, health and educational facilities, stadiums and arenas,
> and government buildings. Services provided include floor
> cleaning and finishing, window washing, furniture polishing,
> carpet cleaning and dusting, as well as other building cleaning
> services. The Company's Janitorial subsidiaries maintain 111
> offices in 42 states, the District of Columbia and one Canadian
> province, and operate under thousands of individually negotiated
> building maintenance contracts, nearly all of which are obtained by
> competitive bidding. The Company's Janitorial contracts are
> either fixed-price agreements or "cost-plus" (*i.e.*, the customer
> agrees to reimburse the agreed upon amount of wages and benefits,
> payroll taxes, insurance charges and other expenses plus a profit
> percentage). Generally, profit margins on maintenance contracts
> tend to be inversely proportional to the size of the contract. In
> addition to services defined within the scope of the contract, the
> Company also generates sales from extra services, such as when
> the customer requires additional cleaning, with extra services
> frequently providing higher margins. The majority of Janitorial
> contracts are for one-year periods, but are subject to termination by
> either party after 30 to 90 days' written notice and contain
> automatic renewal clauses.

CLASS ACTION COMPLAINT - 12
Case No.

**HB**

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

010033-11 228150 V1

1  Plaintiffs and the class are the workers who do all of the above-described janitorial work, and

2  from which all of the profits obtained by ABM for janitorial services are derived.

3      22.    For at least three years prior to the filing of this action and through to the present

4  Defendants consistently maintained and enforced against their non-exempt janitorial employees,

5  among others, unlawful practices and policies, in violation of federal and Washington state wage

6  and hour laws, including:

7          a.    forcing class members, including Plaintiffs, to work "off-the-clock" time

8  without compensation;

9          b.    failing to provide class members, including Plaintiffs, rest periods of at

10 least (10) minutes per four (4) hours worked or major fraction thereof;

11         c.    requiring class members, including Plaintiffs, to work on-duty meal

12 periods at least five (5) hours without a meal period and failing to pay such employees thirty

13 minutes for each such unpaid meal period; and

14         d.    failing to pay class members, including Plaintiffs, overtime pay.

15     23.    On information and belief, Defendants were on notice of the improprieties alleged

16 herein by their employees, Plaintiffs and the class they seek to represent, and intentionally

17 refused to rectify their unlawful policies.  Defendants' violations alleged above, during all

18 relevant times herein were willful and deliberate.

19              **V.    CLASS ACTION ALLEGATIONS**

20     24.    Plaintiffs bring this action on behalf of themselves and all others similarly situated

21 as a class action pursuant to Fed. R. Civ. P. 23.  Plaintiffs seek to represent the following opt-out

22 "Class" composed of and defined as follows:

23         **WASHINGTON STATE LAW CLASS:**  All non-exempt
            persons who are or have been employed by Employer Defendants
24          in the State of Washington and who, within three years of the filing
            of this Complaint, have worked as hourly employees.

25

26

CLASS ACTION COMPLAINT - 13
Case No.

**HB**

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1    Plaintiffs reserve their right to amend or modify the class description with greater specificity to

2    further divide into subclasses or to limit to particular issues.

3        25.    Plaintiffs also seek to represent the following opt-in FLSA "Class":

4        **WASHINGTON FLSA CLASS:** All non-exempt persons who
         are or have been employed by Employer Defendants in the State of
5        Washington and who, within three years of the filing of this
         Complaint, have worked as hourly employees.

6        26.    This action has been brought and may properly be maintained as a class action

7    under the provisions of Fed. R. Civ. P. 23, because there is a well-defined community of interest

8    in the litigation and the proposed class is easily ascertainable by means of Defendants' records.

9    **A.    Numerosity**

10       27.    The potential members of the class as defined are so numerous that joinder of all

11   the members of the class is impracticable. While the precise number of class members has not

12   been determined at this time, Plaintiffs are informed and believe that Defendants currently

13   employ, and during the relevant time periods employed, more than 1500 persons in the State of

14   Washington as non-exempt janitorial employees during the relevant time periods and who are, or

15   have been, affected by Defendants' unlawful practices as alleged herein.

16       28.    Accounting for employee turnover during the relevant periods necessarily

17   increases this number substantially. Upon information and belief, Plaintiffs allege that

18   Defendants' employment records would provide information as to the number and location of all

19   class members. Joinder of all members of the proposed class is not practicable.

20   **B.    Commonality**

21       29.    There are questions of law and fact common to the class predominating over any

22   questions affecting only individual class members. These common questions of law and fact

23   include, without limitation:

24           a.    Whether Defendants willfully violated the Washington wage and hour

25   laws by not compensating Plaintiffs and other class members for all hours worked;

26

CLASS ACTION COMPLAINT - 14
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

010033-11 228150 V1

1          b.      Whether Defendants willfully violated the Washington wage and hour

2   laws by failing to compensate Plaintiffs and the class at the agreed overtime rates for work

3   Defendants permitted them to;

4          c.      Whether Defendants violated the Washington wage and hour laws by

5   failing to pay thirty minutes pay for on-duty meal periods;

6          d.      Whether Defendants violated the Washington wage and hour laws by not

7   providing rest periods;

8          e.      Whether Defendants violated FLSA overtime requirement by failing to

9   compensate Plaintiffs and the class for all time worked;

10          f.      Whether Plaintiffs and the class are entitled to compensatory damages,

11   liquidated damages, injunctive and other types of relief.

12          There are no individualized factual or legal issues for the court to resolve other than the

13   application of a formula to calculate each class members' claims.

14   **C.     Typicality**

15          30.     The claims of the Plaintiffs are typical of the claims of the class. Plaintiffs and all

16   members of the class sustained injuries and damages arising out of and caused by Defendants'

17   common course of conduct in violation of Washington and federal laws, regulations, and statutes

18   as alleged herein. The legal issues as to which federal and state laws are violated by such

19   conduct apply equally to Plaintiffs and the class.

20   **D.     Adequacy of Representation**

21          31.     Plaintiffs will fairly and adequately represent and protect the interests of the

22   members of the class. Their claims are not antagonistic to those of the putative class and they

23   have hired counsel skilled in the prosecution of employment class actions.

24   **E.     Superiority of Class Action**

25          32.     A class action is superior to other available means for the fair and efficient

26   adjudication of this controversy. Individual joinder of all class members is impracticable, if not

---

CLASS ACTION COMPLAINT - 15
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   impossible. Questions of law and fact common to the class predominate over any questions

2   affecting only individual members of the class. Each member of the class has been damaged and

3   is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to

4   compensate class members for all time spent working and engaging in the unlawful practices

5   herein complained of. Defendants' conduct as described above is unlawful, continuing and

6   capable of repetition and will continue unless restrained and enjoined by the Court.

7        33.     Class action treatment will allow those similarly situated persons to litigate their

8   claims in the manner that is most efficient and economical for the parties and the judicial system.

9   While the individual compensatory damage suffered by each class member is not insignificant, it

10  is not substantial enough to justify the expense and burden of individual litigation. Class

11  members have little or no interest in individually controlling the prosecution of separate actions.

12  Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of

13  this action that would preclude its maintenance as a class action. Concentrating the litigation in

14  this forum is desirable because Defendants do business in this district and at least one of the

15  Plaintiffs resides in this district. To conduct this action as a collective action under FLSA and a

16  conventional class action under Rule 23 presents few management difficulties, conserves the

17  resources of the parties and the court system, protects the rights of each class member and

18  maximizes recovery to them.

19       34.     WHEREFORE, Plaintiffs and the class request relief as described herein and

20  below.

21

22               **VI.     CAUSES OF ACTION**

23               **FIRST CAUSE OF ACTION**

24        **Violation of the Fair Labor Standards Act
             by Failing to Pay Overtime Wages**

25       35.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

26

CLASS ACTION COMPLAINT - 16
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
Telephone (206) 623-7292 • Facsimile (206) 623-0594

010033-11  228150 V1

36.     Defendants intentionally violated the rights of Plaintiffs and the class under FLSA, 29 U.S.C. § 207(a), by failing to pay overtime wages at a rate not less than one and one-half times for all hours after forty hours in any given workweek during their employment with Defendants.

37.     The violations of FLSA resulted from Defendants' following pay practices: (1) paying Plaintiffs and the class based on a work schedule rather than the actual hours worked; and (2) requiring Plaintiffs and the class to work off the clock. As a result of these pay practices, Defendants failed to compensate Plaintiffs and the class at the appropriate premium rate (one and one-half times regular rate of compensation) for hours worked in excess of forty in a workweek, in violation of FLSA, 29 U.S.C. § 207(a). Defendants also failed to pay for all time worked resulting in the failure to pay overtime in violation of FLSA, 29 U.S.C. § 207(a).

38.     As a result of the FLSA violations described in this count, Plaintiffs and the class are entitled to recover the amount of their unpaid overtime wages, an equal amount as liquidated damages, and reasonable attorneys fees and costs to be paid by the Defendants pursuant to 29 U.S.C. § 216(b).

39.     Plaintiffs bring this claim for relief pursuant to the collective action rules under 29 U.S.C. § 216(b). For purposes of this claim for relief only, Plaintiffs attach to this complaint FLSA consent forms bearing their signatures.

## SECOND CAUSE OF ACTION

### Violation of Washington State Wage and Hour Laws by Failing to Pay Overtime Wages

40.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

41.     Defendants engaged in an illegal employment practice of failure to pay a proper wage in the form of overtime. RCW 49.46.130 provides that employees are entitled to recover compensation at the rate of 1.5 times their regular hourly rate of pay for each hour of work worked over 40 hours per week.

CLASS ACTION COMPLAINT - 17
Case No.

010033-11 228150 V1



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

42.     As described herein, Defendants violated RCW 49.46.130 by employing Plaintiffs and class members in excess of 40 hours in a workweek without paying overtime.  This action was willful.  Defendants had actual, imputed, and/or constructive knowledge of the unlawful actions of its managerial, supervisory, and other employees, but failed to take prompt and effective remedial action.

43.     Pursuant to RCW 49.46.130, Plaintiffs and the class are entitled to recover compensation at the rate of 1.5 times his or her regular hourly rate of pay for each hour of work he or she worked over 40 hours per week.

44.     Plaintiffs and the class are entitled to recover their reasonable attorney fees and costs of this action pursuant to RCW 49.46.090.

## THIRD CAUSE OF ACTION

### Violation of Washington State Wage and Hour Laws by Failing to Provide Compensation for on-Duty Meal & Rest Periods

45.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

46.     WAC 296-126-092 provides that:

> (1) Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift.  Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

47.     Defendants required Plaintiffs and the class to remain on duty on the premises or at a prescribed work site in the interest of the employer and yet failed to pay for the meals as on-duty meal periods ("on the employer's time").

48.     WAC 296-126-092 also provides that:

> (4) Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time.  Rest periods shall be scheduled as near as possible to the midpoint of the work period.  No employee shall be required to work more than three hours without a rest period.

010033-11  228150 V1



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

49.     Defendants failed to allow Plaintiffs and the class rest periods of not less than ten minutes for each four hours of working time by establishing work schedules in which such breaks were effectively impossible.

50.     Plaintiffs and the class are entitled to recover their reasonable attorney fees and costs of this action pursuant to RCW 49.46.090.

## FOURTH CAUSE OF ACTION

### Breach of Contract

51.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

52.     The Defendants entered into written and implied employment contracts with the Plaintiffs and the class whereby Defendants would pay hourly rates of pay and overtime and other working conditions as described in this Complaint.

53.     The Defendants breached the contracts of employment into which they entered with the Plaintiffs and the class members by failing to comply with the promised terms and conditions of employment.

54.     The Plaintiffs and the class members were at all times ready, willing, and able to, and did in fact, comply with the terms of the employment contract.

55.     As a direct consequence of Defendants' breach of the employment contract, the Plaintiffs and the class suffered substantial injury.

56.     As a result, the Defendants are therefore liable to the Plaintiffs and the class for actual, incidental, and consequential damages.

## FIFTH CAUSE OF ACTION

### Statutory Double Damages for Unpaid Wages

57.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

58.     As described above, at all relevant times herein Defendants willfully and with intent to deprive Plaintiffs and the class of wages, paid Plaintiffs lower wages than to which they were entitled in violation of RCW 49.52.050.

CLASS ACTION COMPLAINT - 19
Case No.

010033-11 228150 VI



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

59.     Pursuant to RCW 49.52.070, Plaintiffs and the class are entitled to a penalty of double damages for all of their unpaid compensation, plus reasonable attorney fees and costs of this action.

## VII.    PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

A.      That the Court determine that this action may be maintained as a proper collective action pursuant to 29 U.S.C. § 216 for the FLSA claim and a proper class action pursuant to Fed. R. Civ. P. 23 for the state law claims;

B.      For the attorneys appearing on the above caption to be named class counsel;

C.      For compensatory damages in an amount according to proof with interest thereon;

D.      For economic and/or special damages in an amount according to proof with interest thereon;

E.      For a declaratory judgment that each of the Defendants violated the Plaintiffs' rights;

F.      That Defendants be enjoined from continuing the unlawful course of conduct, alleged herein;

G.      For declaratory relief;

H.      For premium pay and penalties;

I.      For premium wages;

J.      For attorneys' fees, interests and costs of suit;

K.      For liquidated or double damages for failure to pay wages; and

L.      For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   DATED:  March 12, 2008

2                                          HAGENS BERMAN SOBOL & SHAPIRO LLP

3

4                                          By _____

5                                             Steve W. Berman, WSBA No. 12536
                                              Ivy D. Arai, WSBA No. 30859
6                                          1301 Fifth Avenue, Suite 2900
                                           Seattle, WA  98101
7                                          Telephone:  (206) 623-7292
                                           Facsimile:  (206) 623-0594

8                                          Proposed Class Counsel

9                                          Stan S. Mallison, (Cal. SBN 184191)
                                           Hector R. Martinez (Cal. SBN 206336)
10                                         Marco A. Palau (Cal. SBN 242340)
                                           LAW OFFICES OF MALLISON & MARTINEZ
11                                         1042 Brown Avenue, Suite A
                                           Lafayette, CA  94549
12                                         Telephone: (925) 283-3842
                                           Facsimile:  (925) 283-3426

13                                         Proposed Class Counsel to appear *Pro Hac Vice*

14

15

16

17

18

19

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT - 21
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

## CONSENT TO JOIN THE LAWSUIT AGAINST
## ABM INDUSTRIES INC, AMERICAN BUILDING MAINTENANCE CO. - WEST
## and DOES I through X

I consent to join as a plaintiff in an action against ABM Industries Inc., AMERICAN
BUILDING MAINTENANCE CO.   WEST, and Does I through X (hereafter
collectively referred to as "Defendant") to recover unpaid overtime wages under the Fair
Labor Standards Act ("FLSA"), 29 USC §§207 and 216; unpaid wages and penalties
under the Washington labor laws; relief under Washington contract and/or common law
and other state or federal causes of action; attorneys' fees, interest, restitution, damages,
costs; and other appropriate relief.  I understand that the lawsuit will be prosecuted as a
class, collective action and/or representative action on behalf of myself and other
similarly situated non-exempt employees.

I hereby designate my retained counsel, the Law Offices of Mallison & Martinez and
Hagens Berman Sobol Shapiro LLP to represent me in an action against Defendants.  My
counsel can be contacted at:

        **LAW OFFICES OF MALLISON & MARTINEZ**
        1042 Brown Avenue
        Lafayette, CA 94549
        Telephone:    (925) 283-3842
        Fax:         (925) 283-3426

        **HAGENS BERMAN SOBOL SHAPIRO**
        1301 Fifth Avenue, Suite 2900
        Seattle, WA 98101
        Telephone:    (206) 623-7292
        Fax:    (206) 623-0594

Dated: _12 March 2008_

Name (printed): _Yedida Khadera_

Signature: _Yedida Khadera_

## CONSENT TO JOIN THE LAWSUIT AGAINST
### ABM Inc & its subsidianes
### and DOES 1 through _10_

I consent to join as a plaintiff in an action against _ABM Inc & subsidianes_ and Does 1 through _10_ (hereafter collectively referred to as "Defendant") to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 USC §§207 and 216; unpaid wages and penalties under the ~~California~~ Washington Labor Code §§200, et seq.; ~~restitution and injunctive relief under the California Business and Professions Code §17200, et seq.;~~ Washington relief under ~~California~~ contract law; attorneys' fees and costs; and other appropriate relief. I understand that the lawsuit will be prosecuted as a class, collective action and/or representative action on behalf of myself and other similarly situated non-exempt employees.

I hereby designate my retained counsel, the Law Offices of Mallison & Martinez, to represent me in an action against Defendant. My counsel can be contact at:

    LAW OFFICES OF MALLISON & MARTINEZ
    1042 Brown Avenue, Suite A
    Lafayette, CA 94549
    Telephone:    (925) 283-3842
    Fax:    (925) 283-3426
    E-mail:    WorkerRights@mallisonlaw.com

Dated: _1/22/08_        Signature: _Kevin M) Hudson_

## CONSENT TO JOIN THE LAWSUIT AGAINST

_ABM Inc. & its subsidiaries_

### and DOES 1 through _10_

I consent to join as a plaintiff in an action against _ABM Inc. its subsidiaries_ and Does 1 through _10_ (hereafter collectively referred to as "Defendant") to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 USC §§207 and 216; unpaid wages and penalties under the ~~California~~ Labor Code §§200, et seq.; ~~restitution and injunctive relief under the California Business and Professions Code §17200, et seq.;~~ relief under ~~California~~ contract law; attorneys' fees and costs; and other appropriate relief. I understand that the lawsuit will be prosecuted as a class, collective action and/or representative action on behalf of myself and other similarly situated non-exempt employees.

I hereby designate my retained counsel, the Law Offices of Mallison & Martinez, to represent me in an action against Defendant. My counsel can be contact at:

LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue, Suite A
Lafayette, CA 94549
Telephone:    (925) 283-3842
Fax:             (925) 283-3426
E-mail:         WorkerRights@mallisonlaw.com

Dated: _1, 22/08_          Signature: _Sam Richardson_