THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

YEDIDA KHADERA, et al.,

    Plaintiffs,

v.

ABM INDUSTRIES INCORPORATED, et al.,

    Defendants.

Case No. C08-0417 RSM

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

This matter comes before the Court on Plaintiffs' amended motion for class certification, collective action certification, and approval of *Hoffman-La Roche* notice. (Dkt. No. 187.) The Court has reviewed the motion, Defendants' response (Dkt. No. 229), Plaintiffs' reply (Dkt. No. 264), Defendants' surreply (Dkt. No. 267), and all documents submitted in support thereof. The Court also heard oral argument on this motion on February 8, 2010.[1] For the reasons set forth below, the Court GRANTS Plaintiffs' motion for conditional certification of a collective action under 29 U.S.C. § 216(b), but DENIES the motion to certify a state law class under Fed. R. Civ. P. 23(b)(3).

---

[1] At oral argument, the Court denied Plaintiffs' motion for leave to amend the Complaint to plead jurisdiction under the Class Action Fairness Act ("CAFA") and to extend the proposed state law class period. (Dkt. No. 270.) First, the Court found Plaintiffs' proposed amendment on CAFA jurisdiction futile because ABM West is a citizen of Washington and, thus, the "home state exception" of 28 U.S.C. § 1332(d)(4)(B) would apply. Second, the Court found Defendants would be unduly prejudiced if Plaintiffs were allowed—almost two years after the filing of the Complaint—to extend the state law allegations to individuals who worked for ABM from 2002 to 2005.

ORDER - 1

**Background**

Defendants ABM Industries, Inc. and American Building Maintenance Co.-West (together "ABM") provide janitorial services to a number of commercial and industrial facilities in Washington. (Am. Compl. ¶¶ 13-14.) Plaintiffs Yedida Khadera, Kevin Hudson, Sam Richardson, and Robert Wasson, Jr. were "non-exempt janitorial employees" with ABM. (*Id.* ¶¶ 9-12.) The Employee Handbook provides that "[n]onexempt employees are paid either a salary or on an hourly basis." (Marshall Decl., Ex. 5.) Plaintiffs claim ABM violated state and federal wage and hour laws because it forced employees to work "off-the-clock," failed to provide adequate rest breaks, required janitors to work through meal periods, and failed to pay overtime. (Am. Compl. ¶ 23.) Plaintiffs purport to bring this action on behalf of a class of past and present employees of ABM in Washington. (*Id.* ¶ 24.) Plaintiffs bring claims for violations the Fair Labor Standards Act, Washington's Wage and Hour laws, and breach of contract.

In Washington, ABM has approximately 2,500 janitorial employees operating out of eight branch offices. (Marshall Decl., Ex. 2 at 117:2-5; 19:4-21:3; *see also* Jones Decl. ¶ 3) ABM's stated policies for janitorial employees are unremarkable: employees are paid 1.5 times their wage for hours worked beyond 40 hours per week. (*Id.*, Ex. 6 (New Employee Orientation).) Janitors are entitled to one paid ten-minute break for every four hours of work and one unpaid thirty-minute meal break if they work a shift more than five hours. (*Id.*) Employees who miss their breaks are entitled to additional pay for that time. (*Id.*, Ex. 2.) ABM budgets hours by account and provides schedules to custodians when it hires them. (*Id.*, Ex. 8.) Plaintiffs complain the budgeted hours often underestimate the amount of time it actually takes to complete a job. (*See* Lawter Decl. ¶ 6.)

The Employment Handbook states "[o]vertime, as well as any time in excess of your regular work schedule, must be authorized in advance by your Supervisor." (Marshall Decl.,

Ex. 5 (further providing that employees may be disciplined or terminated for working overtime without receiving prior authorization)). Plaintiffs complain that it was often difficult to reach the appropriate Supervisor before working the overtime. (*Id.*, Ex. 10 at 79:14-22; Lawter Decl. ¶ 6.) Branch managers receive bonuses for meeting budgets and Plaintiffs allege this system creates an incentive to under-report overtime. (Marshall Decl., Ex. 2 at 96:21-97:6.)

Plaintiffs complain ABM simply assigns too much work to allow janitors to use their rest and meal breaks. (Dkt. No. 187 at 13.) Putative class members complain they missed rest breaks because they could not complete the work in the allotted time. (*See* Bennet Decl. ¶ 7; Brown Decl. ¶ 7; Kravagna Decl. ¶ 8.) Others claim they were forced to work through meal breaks. (*See* Bennet Decl. ¶ 8; Hill Decl. ¶ 8.) ABM employees state they worked before and after their scheduled shifts in order to complete the work assigned. (Fitch Decl. ¶ 7.) Some janitors who had to drive between worksites state they were not paid for their drive time. (Richardson Decl. ¶ 8; Brummett Decl. ¶¶ 7-8; Chung Decl. ¶ 7; Hill Decl. ¶ 9)

Plaintiffs complain that ABM either failed to adjust payroll records to include extra hours worked or ignored time record submissions that included overtime. When payroll systems set pay amounts to a default number based on a worker's scheduled hours, ABM failed to override the system to indicate meal and rest breaks went unused. (*See* Marshall Decl., Ex. 31 at 116:14-21.) At worksites using timecards, Plaintiffs complain managers amended their time cards to make it seem as if meal and rest breaks had been taken. (Lyons Decl. ¶ 7; Ketchersid Decl. ¶ 7.) Plaintiff Wasson states that, even when he submitted time cards reflecting the greater number of hours worked, his time cards were modified to exclude the overage. (Marshall Decl., Ex. 9 (Wasson Dep.) at 54:19-23.) Other ABM employees state that, even if their timecards were not amended, their paychecks would reflect fewer hours than were reported. (Pierce Decl. ¶ 6.) ABM allegedly rebuffed complaints from custodians who complained about its failure to pay for overtime worked. (Paris Decl. ¶ 7.) In sum, Plaintiffs

ORDER - 3

complain ABM had a policy of refusing to pay overtime for all hours worked. (*See* Lubenkill Decl. ¶ 6.)

Ms. Khadera and other employees filed a complaint with Washington's Department of Labor & Industries, though the investigator's initial inquiry was inconclusive. (*See* Phillips Decl., Exs. 7-9.) With their response brief, ABM submitted a number of declarations from employees who state they take their breaks without interruption, do not work before or after their shifts, and do not work off-the-clock. (*See, e.g.,* Melander Decl. ¶ 7; Uribe Decl. ¶ 6; Turner Decl. ¶ 6.)

**Discussion**

Plaintiffs move to certify two classes: (1) a "conditional" class under the opt-in provisions of the Fair Labor Standards Act ("FLSA") and (2) an opt-out class advancing state wage and contract claims under Fed. R. Civ. P. 23(b)(3). (Dkt. No. 187 at 9-10.) While the Court finds conditional certification is appropriate under the FLSA, it denies Plaintiffs' motion to certify a state law class.

I. Fair Labor Standards Act Claim

The FLSA provides a cause of action for an employee against an employer who fails to pay overtime wages. 29 U.S.C. § 207(a). Pursuant to 29 U.S.C. § 216(b), an aggrieved employee may file a FSLA suit "for and in behalf of himself . . . and other employees similarly situated." The statute requires the collective action proceed on an opt-in basis and district courts may "authorize the named plaintiffs in a FLSA collective action to send notice to all potential plaintiffs." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)) (hereinafter the "*Hoffman-La Roche* notice"). Though the Ninth Circuit has not articulated a single standard to guide this Court's "similarly situated" analysis, other circuits and a majority of district courts adopt a two tiered approach. *Romero v. Producers Dairy Foods, Inc.*, 235

F.R.D. 474, 481-82 (E.D. Cal. 2006) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)) (adopting two-tiered approach).

First, the court determines whether potential class members ought to receive notice of the collective action. *Romero*, 235 F.R.D. at 482 (citations omitted). The standard for the approval of notice is "fairly lenient" and the court bases its findings on the pleadings and affidavits submitted. *See Hipp*, 252 F.3d at 1218. The Court's analysis is less exacting than it would be under Rule 23 or Rule 20. *Id.* at 1219 (citations omitted); *Romero*, 235 F.R.D. at 482. During the first phase, plaintiffs need only establish a "reasonable basis for their claim of classwide" injury. *Hipp*, 252 F.3d at 1218. Second, once discovery is complete, the Court must make a factual determination based on a multi factor test. *Id.* at 1218. This second tier of analysis is not before the Court at this time.

At the notice stage, plaintiffs must provide "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (order on defendant's motion for decertification). For instance, in *Castle v. Wells Fargo*, a court denied conditional certification where plaintiffs worked in four different job categories and had differing accounts of corporate policy addressing overtime. No. C06-4347, 2008 WL 495705, at *5 (N.D. Cal. Feb. 20, 2008); *see also Hinojos v. Home Depot, Inc.*, No. 2:06-cv-00108, 2006 WL 3712944, at *2-3 (D. Nev. Dec. 1, 2006) (where court could not identify "unifying nexus" among plaintiffs, conditional certification was inappropriate). In contrast, the *Romero* court approved conditional certification of a class of certain types of drivers who submitted declarations they worked overtime without pay. 235 F.R.D. at 484; *see also Wilks v. Pep Boys*, No. 3:02-0837, 2006 WL 2821700, at *4-5 (M.D. Tenn. Sept. 26, 2006) (order arose on motion to decertify).

Plaintiffs present numerous declarations from past and present ABM employees who claim to have been denied meal and rest breaks on a regular basis. (*See, e.g.*, Aultman Decl.

¶¶ 7-8 (meal and rest); Bennett Decl. ¶¶ 7-8 (meal and rest); Brown Decl. ¶ 7.) Many have stated they were forced to work before and after hours in order to complete assigned work. (*See, e.g.,* Fitch Decl. ¶ 7; Pierce Decl. ¶ 6.) Unlike the defective putative class in *Wells Fargo*, all potential Plaintiffs here are performing the same type of work with similar job expectations. The unifying plan here is also more straightforward: assign more work than can be completed in a given time period and create barriers to the receipt of overtime. (*See* Cobb Decl. ¶¶ 6-7.) Viewing the record as a whole, Plaintiffs' submissions demonstrate they have a "reasonable basis" for advancing their claims on behalf of a potential class.

Defendants argue that not all declarations include allegations of each type of harm and, accordingly, class treatment is appropriate. (Dkt. No. 229 at 11.) Nothing in the statute or applicable caselaw requires complete uniformity of injury—the focus is on the unifying plan. Further, Defendants' argue their submissions from janitors who claim to be paid overtime regularly refute Plaintiffs' class allegations. These declarations, however, appear to go to merits of Plaintiffs' claims and not to the appropriateness of notice. (*See, e.g.,* Beltz Decl. ¶¶ 4-5, Bowers Decl. ¶¶ 6-7.) At this phase in the litigation, sending notice to potential class members is appropriate.

Plaintiffs have satisfied the lenient standard contemplated by § 216(b) and the Court grants Plaintiffs' motion for conditional certification.

II. State Law Class

Plaintiffs propose certification of a Rule 23(b)(3) class of "[a]ll current and former hourly paid janitorial employees" of ABM to resolve their state law claims. (Am. Compl. ¶ 24; Dkt. No. 187 at 9.) Rule 23(b)(3) classes participate on an opt-out basis. *See* Fed. R. Civ. P. 23(c)(2)(B)(v). Though the parties do not dispute that Plaintiffs satisfy the requirements of Rule 23(a), ABM challenges Plaintiffs on the predominance and superiority requirements of

Rule 23(b)(3). Because an analysis of the superiority requirement is dispositive, the Court turns to that element first.

Rule 23(b)(3)'s superiority inquiry looks at the potential difficulties that may be encountered in managing class-wide litigation. The Court must consider (1) the potential class members' "interest in individually controlling" the dispute, (2) the progress of any parallel litigation by other class members, (3) the "desirability" of the forum, and (4) potential difficulties in management. Fed. R. Civ. P. 23(b)(3)(A)-(D); *see also Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190-92 (9th Cir. 2001). The contrast between the FLSA's opt-in procedures and Rule 23(b)(3)'s opt-out requirement implicates the Court's superiority analysis. *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 469-70 (N.D. Cal. 2004).

First, Plaintiffs' proposed Rule 23 class raises management concerns because of its jurisdictional defects. This Court has supplemental jurisdiction over Plaintiffs' state law claims by virtue of the FLSA claim. (Am. Compl. ¶ 6.) Should the Court certify Plaintiffs' opt-out state law class along with an opt-in federal class, it is likely the Court would be exercising jurisdiction over a number of individuals who have elected not to pursue a federal claim. Though the Ninth Circuit has not reached the issue, district courts have found opt-out state law classes to be incompatible with the FLSA's opt-in requirement. *See Ervin v. OS Restaurant Servs., Inc.*, No. 08-C-1091, 2009 WL 1904544, at *2-3 (N.D. Ill. Jul. 01, 2009); *see also Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 WL 42368, at *5 (D.N.J. Jan. 6, 2006). In *DeAscencio v. Tyson Foods, Inc.*, the Third Circuit observed that the disparity in size between opt-in and opt-out classes could become so large "that it becomes dispositive by transforming the action to a substantial degree, by causing the federal tail . . . to wag what is in substance a state dog." 342 F.3d 301, 311 (3d Cir. 2003). Plaintiffs suggest mailing out a notice that includes both an opt-in form for the FLSA claim and an opt-out form for the state law claims.

The problem with Plaintiffs' suggestion is that any potential class member who simply does not respond to the notice would be included in the action.

Plaintiffs attempt to sweep these jurisdictional concerns under the rug and argue the Court may exercise supplemental jurisdiction over the state law claims, but many of the cases they cite are not on point. Some of the cited cases simply do not include a comprehensive discussion of supplemental jurisdiction. *See Romero*, 235 F.R.D. at 484 (cited at Dkt. No. 264 at 14) (court did not analyze supplemental jurisdiction and the common issue for the purpose of superiority was legal, not factual); *Lee v. ABC Carpet and Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) (cited at Dkt. No. 264 at 14) (no in-depth discussion of supplemental jurisdiction); *Silverman v. Smithkline Beecham Corp.*, No. 06-7272, 2007 WL 3072274, at *2 (C.D. Cal. 2007) (cited at Dkt. No. 264 at 15) (court noted that analyzing supplemental jurisdiction was premature); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1477-78 (C.D. Cal. 1996) (court's order arose on a motion to dismiss; there was no analysis of supplemental jurisdiction). Further, the courts in a number of cases Plaintiffs rely upon did not need to confront the supplemental jurisdictional problem because they had CAFA jurisdiction over the state law claims. *See Ellison v. Autozone*, No. 06-7522, 2007 WL 2701923, at *2 (N.D. Cal. 2007) (cited at Dkt. No. 264 at 14) (court had CAFA jurisdiction ); *Thorpe v. Abbott Labs, Inc.*, 534 F. Supp. 2d 1120, 1124 (N.D. Cal. 2008) (cited at Dkt. No. 264 at 14) (same). In short, Plaintiffs have not explained how a state law class would be manageable in light of its jurisdictional defect.

Second, Plaintiffs cannot satisfy the superiority requirement of Rule 23(b)(3) because class members' individual interests are better served by pursuing state law claims as pendent to the FLSA class claims. (*See* Dkt. No. 229 at 21.) An opt-out state law class raises concerns for individual litigants because of the possible res judicata implications of a class-wide resolution. *See Kuncl v. International Bus. Machs. Corp.*, 660 F. Supp. 2d 1246, 1252-54

ORDER - 8

(N.D. Okla. 2009) (plaintiff's failure to opt-out of state law class precluded FLSA claim). Such outcomes are "plainly at odds" with Congress's intent to allow Plaintiffs to affirmatively elect to pursue FLSA relief. *Chase v. AIMCO Props., L.P.*, 374 F. Supp. 2d 196, 204 (D.D.C. 2005). In contrast, allowing Plaintiffs to pursue their state law claims as pendent to the opt-in FLSA action preserves aggrieved employees' interests in individually controlling the action. *Leuthold*, 224 F.R.D. at 469. Those employees who wish to pursue state law relief as a member of the FLSA class will be able to do so. Those who take no action will still be bound by the judgment. Defendants acknowledge it would be appropriate to adjudicate the state law claims of those individuals who elect to opt in to the FLSA class. (Dkt. No. 229 at 24.)

In light of these class-wide and individual concerns, Plaintiffs cannot satisfy the superiority requirement of Rule 23(b)(3). Certification of the state law class is inappropriate because it would require the Court to impermissibly extend the reach of its supplemental jurisdiction.

III. Motions to Strike

In their response, Defendant moves to strike a number of statements and exhibits filed in support of Plaintiffs' motion for class certification. (*See* Dkt. No. 229 at 29.) As a preliminary matter, Defendants' proposed order offers analysis that far exceeds the scope of the argument presented in the underlying briefing and is likely improper argument under Local Rule 7(g). (*See* Dkt. No. 229-2.) In any case, the Court has not considered those exhibits and those phrases in the declarations to which Defendants object.[2]

Defendants filed a surreply seeking to strike exhibits 1 and 2 to the Supplemental Marshall Declaration. (*See* Dkt. No. 267 at 3.) The Court agrees that these documents are not

---

[2] Plaintiffs somewhat brazenly argue that the Rules of Evidence do not apply on a motion for class certification. (Dkt. No. 264 at 18.) They are mistaken and their cited authority does not support this proposition. *See, e.g.*, *Hoffman v. Securitas Sec. Servs.*, No. CV07-502, 2008 WL 5054684, at *12 (D. Idaho Aug. 27, 2008) (court recommended a more "relaxed approach" to the rules of evidence when considering conditional certification, not total abandonment of the FRE as Plaintiffs suggest).

properly authenticated and grants the motion to strike the exhibits. Defendants also object to paragraph 6 of the supplemental declaration, which seeks to plead CAFA jurisdiction. The Court agrees that paragraph 6 of the Supplemental Marshall Declaration is improper argument and therefore strikes that portion of the submission.

**Conclusion**

While Plaintiffs have met the lenient threshold for conditional certification under the FLSA, they have not established the viability of a state law class under Rule 23. The Court ORDERS as follows:

1. Plaintiffs' motion for conditional certification of an FLSA class of ABM employees in Washington is GRANTED. Plaintiffs must provide the Court with a proposed *Hoffman-La Roche* notice form that complies with the Court's rulings for approval within ten (10) days of this Order. Defendants may file objections to that notice form five (5) days after Plaintiffs' filing and Plaintiffs may respond to those objections five (5) days after the response. The Court encourages the parties to meet and confer to determine whether they can provide a stipulated notice form.

2. Plaintiffs' motion for certification of a state law class under Fed. R. Civ. P. 23 is DENIED. ABM employees who elect to opt-in to the FLSA class may pursue their state law claims as pendent to the federal question collective action.

3. Defendants' motion to strike (Dkt. No. 267) is GRANTED.

4. The parties shall meet and confer and provide the Court with a revised joint status report that proposes a schedule for the resolution of this matter. Any proposed schedule must be tailored to the substantive claims in this case. In other words, the schedule should accommodate motions addressing the second phase of the FLSA's collective action inquiry. *See Hipp*, 252 F.3d at 1218.

The Clerk is directed to transmit a copy of this Order to all counsel of record.

DATED this 18th day of February, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 11