UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YEDIDA KHADERA, et al., | CASE NO. C08-417RSM |
| Plaintiff, | ORDER |
| v. | |
| ABM INDUSTRIES INCORPORATED, et al., | |
| Defendant. | |

This matter is before the Court for consideration of the parties' joint submission, under Local Rule CR 37, regarding discovery. Dkt. # 364. The matter has been fully briefed and is ready for a ruling. For the reasons set forth below, the motion shall be denied, without prejudice to renewal if appropriate.

## BACKGROUND

Plaintiffs brought this action as a collective action under the Fair Labor Standards Act ("FLSA"), which authorizes employees to sue for unpaid wages on their own behalf and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). Unlike class actions brought

under Federal Rule of Procedure 23, collective actions brought under the FLSA require that individual members "opt in" by filing a written consent. *Wang v. Chinese Daily News, Inc*., 623 F.3d 743, 761 (9th Cir.2010) (citing 29 U.S.C. § 216(b)).

The FLSA provides for a collective action where the complaining employees are "similarly situated." 29 U.S.C. § 216(b). The FLSA does not define "similarly situated," nor has the Ninth Circuit defined it. As noted by the Tenth Circuit, there is little circuit law defining "similarly situated." *Thiessen v. Gen. Elec. Capital Corp*., 267 F.3d 1095, 1102 (10th Cir.2001). Although various approaches have been taken to determine whether plaintiffs are "similarly situated," district courts in this circuit have used the *ad hoc*, two-step approach. *See,* e.g., *Ingersoll v. Royal & Sunalliance USA*, 2006 WL 2091097 (W.D.Wash. 2006), C05-1774MAT, Dkt. # 27; *Harris v. Vector Mktg. Corp*., 753 F.Supp.2d996 (N.D.Cal. 2010); *Reed v. Cnty. of Orange*, 266 F.R.D. 446 (C.D.Cal.2010); *Wynn v. Nat'l Broad. Co., Inc*., 234 F.Supp.2d 1067, 1082 (C.D.Cal.2002) (noting that the majority of courts prefer this approach).

The Court has already undertaken the first step, which entails considering whether a putative class should be conditionally certified for the purposes of sending notice of the action to potential class members. *See, e.g* ., *Thiessen*, 267 F.3d at 1102; *Harris*, 2010 WL 4588967, at *4. The action was conditionally certified as a collective action under the FLSA on February 19, 2010. Dkt. # 278. Defendants have now asked the Court to take the second step, by filing a motion to decertify the action. At this stage, the Court utilizes a stricter standard for determining whether the opt-in plaintiffs are "similarly situated." *Thiessen*, 267 F.3d at 1102. During this second-stage analysis, courts review several factors, such as (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural

considerations. *See, e.g., Leuthold v. Destination Am.*, 224 F.R.D. 264, 466 (C.D.Cal. 2004). If the motion to decertify is granted, the court typically dismisses the opt-ins. *See*, *McElmurry v. US Bank National Ass'n*, 2007 WL 1276958 (D.Or. 2007); *citing Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n. 2 (11th Cir.2003) (discussing two-tiered approach for analyzing FLSA certification actions and noting that if class is certified as collective action at first tier, and then decertified at the second stage, "the opt-in plaintiffs are dismissed without prejudice."); *Bayles v. American Med. Response of Col., Inc.*, 962 F.Supp. 1346, 1347 (D.Col.1997) (court ruled that its order decertifying a collective action automatically dismissed all persons who had opted in to the conditionally certified class).

The motion for decertification is noted for consideration on September 2, 2011. Dkt. ## 359, 363. Defendants have now filed a motion to take discovery of the opt-in plaintiffs, contending that such discovery is permissible and necessary to determine the substance of these plaintiffs' claims. Dkt. # 364. Plaintiffs have opposed the motion. *Id.*[1]

DISCUSSION

In moving to take individualized discovery of the opt-in plaintiffs' defendants assert that they have thus far been allowed to obtain discovery from only forty-two of the approximately 350 opt-in plaintiffs.[2] They contend that even this limited discovery has revealed substantial disparities between the claims of the opt-in plaintiffs, ranging from denial of meal or rest breaks

---

[1] Pursuant to Local Rule CR 37(a)(1)(B), a discovery motion and response may be filed as one document, through a cooperative process between the parties.

[2] According to plaintiffs, this number comprises ten depositions of randomly-selected opt-in plaintiffs and written discovery from an additional twenty-six, together with depositions of three opt-in plaintiffs who submitted declarations in support of class certification and written discovery from the three class representatives. Declaration of Murray, Dkt. # 366-2, ¶2. Defendants assert they have taken written discovery from 29 individuals and have deposed another 16 plaintiffs. Local Rule CR 37 Joint Submission, Dkt. # 364, p. 5. Nevertheless, defendants agree that the total is forty-two. *Id.*, p. 2.

to unpaid travel time to unpaid overtime. They also contend that further discovery is necessary to enable them to prepare their defense for trial.

In support of their discovery motion, defendants have cited to numerous FLSA cases where individualized discovery of some or all of the opt-in plaintiffs was allowed. Plaintiffs, on the other hand, contend that courts "routinely deny individualized discovery of opt-in plaintiffs in FLSA cases, finding the discovery principles of Rule 23 apply equally to FLSA a collective actions." Local Rule CR 37 Joint Submission, Dkt. # 364, p. 12.

The federal courts have adopted various approaches to the scope of discovery permitted in FLSA actions. *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 357 (S.D.Oh.2006). Some courts have treated opt-in plaintiffs in a collective action as ordinary party plaintiffs subject to the full range of discovery permitted by the Federal Rules of Civil Procedure. *See, e.g., Coldiron v.Pizza Hut, Inc.*, 2004 Westlaw 2601180 (C.D.Cal.2004) (permitting discovery of 306 opt-in plaintiffs); *Krueger v. New York Telephone Co.*, 163 F.R.D. 446 (S.D.N.Y.1995) (authorizing discovery addressed to all 152 opt-in plaintiffs); *Brooks v. Farm Fresh, Inc.*, 759 F.Supp. 1185, 1188 (E.D.Va.1991) (authorizing depositions of all 127 opt-in plaintiffs); *Kass v. Pratt & Whitney*, 1991 Westlaw 158943 (S.D.Fla.1991) (authorizing individualized discovery from all 100 opt-in plaintiffs).

However, some courts have held that the same standards governing discovery in Rule 23 class actions should be applied to conditionally certified FLSA actions, and that discovery should be limited to class-wide and class-based discovery. These courts do not permit individualized discovery, reasoning that individualized discovery would undermine the purpose and usefulness of both class actions and collective actions. *See, e.g., Adkins v. Mid-America Growers, Inc.* 143 F.R.D. 171 (N.D.Ill.1992) (individual depositions and interrogatories not appropriate to

determine individual plaintiffs' job duties and responsibilities on week-by-week and product-by-product basis where court has already determined plaintiffs are "similarly situated"). Other courts have limited individualized discovery to a certain number or percentage of the opt-in plaintiffs. *Cranney v. Carriage Services, Inc.*, 2008 WL 2457912 (D.Nev. 2008) (limiting individualized discovery to ten per cent of the opt-in plaintiffs); *Bradford v. Bed Bath & Beyond, Inc.*, 184 Fed. Supp.2d 1334, 1344 (N.D.Ga.2002) (allowing parties to conduct discovery from 25 opt-in plaintiffs, named plaintiffs, and six other opt-in plaintiffs chosen by defendant); *Smith v. Lowes Home Centers, Inc.*, 236 F.R.D. 354, 357-358 (S.D.Oh.2006) (initially limiting discovery to a statistically significant representative sampling).

The Ninth Circuit Court of Appeals has itself noted that the law in this area is unsettled. *Hoffman v. Construction Protective Services, Inc.*, 541 F. 3d 1175, 1179 (9th Cir. 2008).[3] However, in the cases cited above, as well as numerous others, the court held that it was essential for a defendant to take individualized discovery of the opt-in plaintiffs to determine if they are "similarly situated" within the meaning of FLSA. *Ingersoll v. Royal & Sunalliance USA, Inc.,* 2006 WL at * 2 ("discovery related to the opt-in plaintiffs is pertinent to the determination of whether or not these individuals are similarly situated within the meaning of FLSA"); *Coldiron v. Pizza Hut, Inc.*, 2004 WL 2601180, *2 (C.D.Cal.2004) ("the question of whether plaintiffs are similarly situated within the meaning of [FLSA] is still an issue because Pizza Hut plainly intends to move to decertify the class"); *Hill v. R±L Carriers Shared Services, LLC*, 2010 WL 3769247 (N.D. Cal. 2010) (noting an upcoming deadline for defendant to file a

---

[3] The appellate court also noted, however, that disclosure of damage calculations is mandated under Rule 26(a). *Id*.

motion to de-certify); *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, 2010 WL 2872406 at *4 (D.Nev. 2010) ("[d]efendants are entitled to discovery necessary to de-certify the class"); *Kaas v. Pratt & Whitney,* 1991 WL 158943, *3 (S.D.Fla.1991) (because the defendant could challenge the joinder of any party with respect to whether the parties are in fact similarly situated, meaningful discovery is not only permissible, but "essential" ).

The Court has cited these cases at length to demonstrate that in each case, individualized discovery was permitted to allow the defendant to gather evidence to support a motion for de-certification. Defendants here have already moved to de-certify the class, so that reasoning does not apply. Moreover, should defendants' motion succeed, the result will be dismissal of the opt-in plaintiffs, rendering any individualized discovery from those employees moot. Therefore, further individualized discovery at this time in inappropriate.

Accordingly, defendants' request for leave to conduct further individualized discovery of the opt-in plaintiffs at this time (Dkt. # 364) is DENIED.

Dated this 18th day of August 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE