UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YEDIDA KHADERA, KEVIN HUDSON, SAM RICHARDSON, and ROBERT WASSON, JR.,

Plaintiffs,

v.

ABM INDUSTRIES INCORPORATED and AMERICAN BUILDING MAINTENANCE CO. - WEST,

Defendants.

CASE NO. C08-0417 RSM

**ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter comes before the Court upon Plaintiffs' Motion for Partial Summary Judgment Regarding Failure to Keep Records. Dkt. # 410.[1] Having reviewed the motion, Defendants' response, Plaintiffs' reply, and all documents submitted in support thereof, the Court DENIES the motion.

---

[1] In connection with its motions for summary judgment, Dkt. ## 410, 411, Plaintiffs filed an unopposed motion to seal certain documents marked "confidential" pursuant to the Court's protective order. Dkt. # 408. That motion is GRANTED.

ORDER

# I. BACKGROUND

The parties are familiar with the claims and allegations underlying this case, and the Court summarizes them here only in brief. Defendants ABM Industries, Inc. ("ABM") and ABM Janitorial Services-Northwest ("ABM Janitorial")[2] (collectively, "Defendants") provide janitorial services to a number of commercial and industrial facilities throughout the country, employing approximately 2,500 janitorial employees in the State of Washington. ABM Janitorial is a wholly owned subsidiary of a company that is in turn wholly owned by ABM. ABM Janitorial was (and in some cases is) the direct employer of the Plaintiffs.

Plaintiffs claim that Defendants violated the Fair Labor Standards Act ("FLSA") and Washington's Wage and Hour laws, in addition to breaching their contractual obligations, by forcing employees to work "off-the-clock," failing to provide adequate rest breaks, requiring employees to work through meal periods, and failing to pay overtime. On February 18, 2010, the Court granted conditional certification with respect to Plaintiffs' FLSA claims, Dkt. # 278 (Order of February 18, 2010), and on December 1, 2011 the Court denied Defendants' decertification motion. Dkt. # 397 (Order of December 1, 2011).

Plaintiffs now seek summary judgment on two separate issues: (1) that Defendants jointly employed Plaintiffs and the opt-in class members, thereby rendering them jointly liable in the event liability is established; and (2) that Defendants failed to keep adequate time records under Washington's Wage and Hour laws and the FLSA. Dkt. # 410. Genuine issues of material fact preclude summary judgment as to each issue.

---

[2] Defendant American Building Maintenance Co.-West has changed its name to ABM Janitorial Services-Northwest. The Court will refer to American Building Maintenance Co.-West herein by its new name.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is proper if the pleadings, discovery, affidavits and disclosure materials on file show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a) & (c) (as amended December 1, 2010). An issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Cartett*, 477 U.S. 317, 323 (1986). The Court resolves any factual disputes in favor of the nonmoving party only when the facts specifically attested by each party are in contradiction. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

### B. Joint Employers

Plaintiffs first seek a determination that ABM and ABM Janitorial are joint employers under Washington's Wage and Hour law and the FLSA. If established, such a finding would entitle Plaintiffs to recover against either or both Defendants in the event that one of them is found to be liable. Plaintiffs' motion must be denied, as genuine issues of material fact exist regarding the relationship between ABM, ABM Janitorial, and the Plaintiffs.

In analyzing whether a defendant is a joint employer under FLSA and Washington law, courts apply the "economic realities" test, which requires consideration of four separate factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Radford v. Telekenex,*

*Inc.*, Case No. C10-812RAJ, 2011 U.S. Dist. LEXIS 90889, *5 (W.D. Wash. Aug. 15, 2011). Each of these elements is addressed in turn below.

        1.      <u>Power to Hire and Fire</u>

Plaintiffs have presented evidence that ABM had the power to fire and hire employees of ABM Janitorial. Indeed, there is no dispute that ABM requires all of its employees, including those employed by ABM Janitorial, to comply with a written code of conduct that expressly reserves ABM's right to terminate anyone who violates the code. Moreover, the code requires ABM to provide its approval before its subsidiaries may hire certain types of employees – i.e., those who are former independent auditors of the company, close relatives of independent auditors, or relatives of board members. Dkt. # 412, Ex. 3. The code of conduct thus constitutes strong evidence that ABM had the power to fire and hire employees of ABM Janitorial.

In response, Defendants have submitted declarations from two employees of ABM Janitorial: Charlie Jones and Maria Miller. Dkt. ## 422, 423, ¶ 3. In their respective declarations, both Jones and Miller state, without supporting evidence or detailed facts, that ABM lacks authority to hire and fire employees of ABM Janitorial. *Id*. These declarations do not suffice, as "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *Fed. Trade Comm'n v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). This is particularly true where ABM's own code of conduct directly contradicts the declarations. As such, there is no genuine issue of material fact that ABM had authority to hire and fire employees of ABM Janitorial.

2. <u>Supervision and Control of Employee Work Schedules / Conditions of Employment</u>

Plaintiffs next argue that there are no genuine issues of material fact that ABM supervised and controlled the work schedules and conditions of employment for ABM Janitorial employees. The Court disagrees.

In support of their position, Plaintiffs rely primarily upon the deposition testimony of Jones, in which he stated that ABM sets company policies with respect to the issue of overtime, and that those policies apply to the employees of ABM Janitorial. Dkt. # 412, Ex. 4 at 10:5-11:11, 13:3-17. Plaintiffs also point to an email in which an ABM Janitorial employee states that "[w]e have been asked by Upper Management of ABM to cut labor in every area possible across the nation immediately, so please send me an email on every area at the Port you think we can cut." Dkt. # 377-1, Ex. 3.

While overtime pay undoubtedly constitutes a "condition of employment," the fact that AMB sets company policy regarding that issue does not mean that it also "supervised and controlled employee work schedules." *Radford*, Case No. C10-812RAJ, 2011 U.S. Dist. LEXIS 90889, at *5 (emphasis added). Indeed, the email relied upon by Plaintiffs suggests the opposite. While the email demonstrates a desire on the part of ABM to cut labor costs, it demonstrates that ABM Janitorial – and not ABM – was the entity that undertook an effort to supervise and control the number of hours worked by its employees. There is no evidence before the Court that ABM undertook such an effort on its own behalf. In the absence of such evidence, the Court cannot conclude that ABM "supervised and controlled employee work schedules and conditions of employment" for the employees of ABM Janitorial. Genuine issues of material fact exist regarding this issue.

### 3. Determination of Rate and Method of Payment

Plaintiffs next argue that there are no genuine issues of material fact that ABM determines both the rate and method of payment for the employees of ABM Janitorial. The Court disagrees.

In support of their position, Plaintiffs rely primarily upon the deposition testimony of Jones, in which he states that ABM's regional directors instruct the company's subsidiaries to comply with applicable wage and hour laws. Dkt. # 412, Ex. 4 at 13:3-14:6. This testimony does not demonstrate that ABM determines the rate and method of payment for ABM Janitorial's employees, and Defendants deny that ABM does so. Genuine issues of material fact exist regarding this issue.

### 4. Maintenance of Employment Records

Plaintiffs next argue that there are no genuine issues of material fact that ABM maintained Plaintiffs' employment records. The Court agrees.

While there is no dispute that ABM Janitorial maintains exclusive possession of Plaintiffs' hard copy employment records, Jones testified during his deposition that "many of the payroll records are electronic," and that ABM and ABM Janitorial share access to those electronic records through a common computer system. Dkt. # 412, Ex. 4 at 11:12-11:21. Importantly, Jones testified that ABM is responsible for storing the electronic documents contained on the computer system, and Defendants do not dispute this fact. As such, there is no genuine issue of material fact that Defendants maintain Plaintiffs' employment records.

\* \* \* \*

ABM has the power to hire and fire employees of ABM Janitorial, and it also maintains employment records with respect to ABM Janitorial. As such, Plaintiffs satisfy the first and

6

fourth elements of the "economic realities" test. However, because genuine issues of material fact exist as to the remaining elements of that test, Plaintiffs' motion for summary judgment on the issue of joint employment must be denied.

C. Maintenance of Employment Records

Plaintiffs next seek a summary determination that Defendants have failed to maintain adequate records regarding the number of hours they worked, as required under Washington law and the FLSA. Genuine issues of material fact preclude summary judgment on this issue.

Under state and federal law, employers are required to keep payroll records of the "total hours worked each workweek." *See* WAC 296-128-010(6); 29 CFR § 516.2. Defendants' compliance (or non-compliance) with their record-keeping obligations directly impacts the parties' respective burdens of proof. Specifically, where an employer fails to maintain accurate payroll records, the employee must demonstrate that he worked uncompensated hours and present evidence as to the extent of that work as a matter of "just and reasonable inference." *See*, *e.g.*, *McLaughlin v. Seto*, 850 F.2d 586, 589 (9th Cir. 1998). "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to 'negative the reasonableness of the inference to be drawn from the employee's evidence.'" *Solis v. Washington*, Case No. 08-5362RJB, 2009 U.S. Dist. LEXIS 77859, *14 (W.D. Wash. Aug. 31, 2009) (*quoting Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687-88 (1946)).

Here, Plaintiffs argue that Defendants have failed to comply with their state and federal record-keeping obligations because none of the documents they produced in discovery show the total hours worked by Plaintiffs on a workweek basis. Instead, Defendants have produced spreadsheets showing rates of pay, hours worked, and amounts paid on a "per pay period" (or

bi-weekly) basis. According to Plaintiffs, Defendants' failure to maintain such records on a workweek basis warrants the entry of summary judgment.

Defendants respond that they have, in fact, maintained and produced records showing the hours worked by Plaintiffs on a workweek basis. The records to which Defendants refer are the timecards filled out manually by the individual Plaintiffs on a daily basis, which demonstrate the hours they worked. In response, Plaintiffs argue that summary judgment is still appropriate because Defendants have "lost" some of the timecards at issue.

There is no evidence before the Court regarding the number of timecards Defendants allegedly "lost." The Plaintiff class consists of approximately 350 individual members, each of whom submitted timecards to the Defendants on a daily basis. Against this backdrop, it is unremarkable that Defendants may have failed to produce every single timecard for every single individual class member. Without additional information regarding the extent of the missing timecards – and the parties have presented no evidence regarding this issue – the Court cannot conclude as a matter of law that Defendants have failed to comply with their state and federal recordkeeping obligations.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion (Dkt. # 410) is DENIED.

Plaintiffs' motion to seal (Dkt. #408) is GRANTED.

Dated this 21 day of February 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE