UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YEDIDA KHADERA, KEVIN HUDSON, SAM RICHARDSON, and ROBERT WASSON, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and AMERICAN BUILDING MAINTENANCE CO. - WEST,<br><br>Defendants. | CASE NO. C08-0417 RSM<br><br>**ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

This matter comes before the Court upon Plaintiffs' Motion for Partial Summary Judgment Striking ABM's Affirmative Defenses. Dkt. # 411. Having reviewed the motion, Defendants' response, Plaintiffs' reply, and all documents submitted in support thereof, the Court GRANTS IN PART and DENIES IN PART the motion.

**I. BACKGROUND**

The parties are familiar with the claims and allegations underlying this case, and the Court summarizes them here only in brief. Defendants ABM Industries, Inc. ("ABM") and

ORDER

ABM Janitorial Services-Northwest ("ABM Janitorial")[1] (collectively, "Defendants") provide janitorial services to a number of commercial and industrial facilities throughout the country, employing approximately 2,500 janitorial employees in the State of Washington. ABM Janitorial is a wholly owned subsidiary of a company that is in turn wholly owned by ABM. ABM Janitorial was (and in some cases is) the direct employer of the Plaintiffs.

Plaintiffs claim that Defendants violated the Fair Labor Standards Act ("FLSA") and Washington's Wage and Hour laws, in addition to breaching their contractual obligations, by forcing employees to work "off-the-clock," failing to provide adequate rest breaks, requiring employees to work through meal periods, and failing to pay overtime. On February 18, 2010, the Court granted conditional certification with respect to Plaintiffs' FLSA claims, Dkt. # 278, and on December 1, 2011 the Court denied Defendants' decertification motion. Dkt. # 397.

Plaintiffs now seek summary judgment striking some of ABM's affirmative defenses. Plaintiffs specifically seek to strike the following affirmative defenses: (1) good faith; (2) estoppel; (3) Plaintiffs' "knowing submission" to the conduct at issue; (4) Plaintiffs' failure to exercise "due care" to avoid the harm at issue; (5) laches; (6) waiver and ratification; and (7) ultra vires.

## II. DISCUSSION

A. Standard of Review

Summary judgment is proper if the pleadings, discovery, affidavits and disclosure materials on file show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a) & (c) (as amended

---

[1] Defendant American Building Maintenance Co.-West has changed its name to ABM Janitorial Services-Northwest. The Court will refer to American Building Maintenance Co.-West herein by its new name.

December 1, 2010). An issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. *Playboy Enterprises, Inc. v. Netscape Communications Corp.*, 354 F.3d 1020, 1023-24 (9th Cir. 2004).

The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Cartett*, 477 U.S. 317, 323 (1986). The Court resolves any factual disputes in favor of the nonmoving party only when the facts specifically attested by each party are in contradiction. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

B. Good Faith

Plaintiffs first argue that the Court should strike Defendants' affirmative defense of good faith.[2] Plaintiffs argue that good faith is not a defense under Washington's wage and hour laws, and that the defense is not available under the FLSA within the context of this case. The

---

[2] Defendants' good faith defense is set forth as three separate affirmative defenses: (1) "Some of Plaintiffs' claims on behalf of themselves or the alleged putative class members are barred because ABM Industries' conduct was in good faith and/or in conformity with or in reliance upon written administrative regulations, opinions, orders, rulings, approvals, interpretations, or written or unwritten administrative practices or enforcement policies of the United States Department of Labor or the Washington State Department of Labor & Industries."; (2) "Some or all of Plaintiffs' claims on behalf of themselves or the alleged putative class members are barred because ABM Industries' conduct was in good faith, not willful and/or with reasonable grounds for believing that its conduct did not violate federal or state wage and hour laws relied upon in the Complaint."; (3) "Plaintiffs' purported claims under Chapter 49.52 RCW on behalf of themselves or the alleged putative class members are barred, in whole or in part, because ABM Industries' conduct was . . . untaken in good faith . . . ." Dkt. # 223, Affirmative Defense Nos. 9-10, 12.

Court disagrees as to both points.

While good faith is not a defense to *liability* under Washington's wage and hour laws or the FLSA, it is a defense with respect to the issue of double damages under Washington's wage and hour laws and the issue of liquidated damages under the FLSA. Indeed, where an employer violates FLSA but demonstrates that "such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act," the court has discretion under 29 U.S.C. § 260 to limit or decline to award liquidated damages. As such, Defendants' good faith affirmative defense is appropriate with respect to Plaintiffs' FLSA claims.

Similarly, double damages are available under Washington's wage and hour laws only upon a showing that the employer failed to pay appropriate wages "[w]ilfully and with the intent to deprive" the employee of such wages. RWC 49.52.070; RCW 49.52.50(2). In other words, an employer who unintentionally failed to pay appropriate wages is not liable for double damages under Washington law. Accordingly, Defendants' good faith affirmative defense is also appropriate with respect to Plaintiffs' state law claims.

Furthermore, genuine issues of material fact exist regarding the applicability of the good faith defense. By way of example, Defendants point to evidence that they routinely instruct their employees not to work "off-the-clock," and that employees are required to sign and certify the accuracy of their timecards. This evidence could lead a reasonable finder of fact to conclude that, even if Defendants failed to pay appropriate wages under state and federal law, these failures resulted from a mistaken belief that Plaintiffs had, in fact, been paid all of the wages to which they were entitled. To the extent that Plaintiffs have presented contrary evidence, this evidence merely creates a genuine issue of material fact that should be resolved

at trial, and not by the Court on a Rule 56 motion.

C.     Estoppel

Defendants assert the affirmative defense of judicial estoppel on the basis that five opt-in Plaintiffs have filed for bankruptcy, but have not disclosed to the bankruptcy court that their respective claims in this action constitute contingent assets. Although Plaintiffs seek to strike the judicial estoppel defense on various grounds, the Court finds that it is an appropriate defense that may be developed at trial.

Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position. *Rissetto v. Plumbers & Steamers Local 343*, 94 F.3d 597, 600-601 (9th Cir. 1996); *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990). The court invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of "general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings," and to "protect against a litigant playing fast and loose with the courts." *Russell*, 893 F.2d at 1037. The application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases. *Rissetto*, 94 F.3d at 605 ("We now make it explicit that the doctrine of judicial estoppel is not confined to inconsistent positions taken in the same litigation.").

In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) (*citing Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir.

1992) (failure to give notice of a potential cause of action in bankruptcy schedules and disclosure statements estops the debtor from prosecuting that cause of action)).

Here, Defendants have presented evidence that five of the opt-in Plaintiffs – namely, Ralf Lund, Verity Constance Aultman, Edward E. Sabado, Yvonne M. Boyd, and Sabrina Delois Richardson – have filed for bankruptcy, but have not disclosed to the bankruptcy court that their respective claims in this action constitute contingent assets. A finder of fact might reasonably conclude that their failure to do so supports the affirmative defense of judicial estoppel. *Hamilton*, 270 F.3d at 783. Accordingly, Plaintiffs' motion for summary judgment with respect to Defendants' judicial estoppel defense must be denied.

C. Failure to Use Due Care / Avoidable Consequences

Defendants assert that "[s]ome or all of Plaintiffs' purported claims are barred because some or all of the Plaintiffs and/or alleged putative class members failed to use reasonable diligence or due care to avoid the alleged harm . . . ." Dkt. # 223, Affirmative Defense No. 14 (the "Avoidable Consequences Defense"). Plaintiffs characterize the foregoing as a "waiver defense," and argue that it must be stricken because parties may not, as a matter of law, waive their rights under Washington's wage and hour laws and/or the FLSA. While Plaintiffs are correct that employees may not waive their rights under Washington's wage and hour laws or the FLSA, the Avoidable Consequences Defense sets forth an entirely different legal theory.[3]

Indeed, in asserting the Avoidable Consequences Defense, Defendants seek to prove that, to the extent Plaintiffs worked "off-the-clock," they did so without Defendants' knowledge or consent. Defendants thus seek to argue that Plaintiffs are responsible for any failure on the part of Defendants to pay appropriate wages. In support of this position,

---

[3] It is worth noting that Defendants have voluntarily withdrawn their waiver defense. Dkt. # 405.

Defendants cite to the case of *Forrester v. Roth's I.G.A. Foodliner, Inc*., 646 F.2d 413 (9th Cir. 1981), in which the Ninth Circuit stated:

> An employer must have an opportunity to comply with the provisions of the FLSA. This is not to say that an employer may escape responsibility by negligently maintaining records required by the FLSA, or by deliberately turning its back on a situation. However, where the acts of an employee prevent an employer from acquiring knowledge, here of alleged uncompensated overtime hours, the employer cannot be said to have suffered or permitted the employee to work in violation of [the FLSA].

*Id*. at 414-15.

The Avoidable Consequences Defense is an appropriate subject to be addressed at trial. *Id*. Although Plaintiffs have pointed to evidence that, in their view, undermines application of the Avoidable Consequences Defense, the existence of factual disputes regarding that defense merely underscores the need for a trial. Fed. R. Civ. P. 56(a).

### D. Knowing Submission to State Law Violations

Under Washington law, double damages are available where an employer willfully refuses to pay wages. RWC 49.52.070; RCW 49.52.50(2). Double damages are not available, however, where the employee "knowingly submitted" to the employer's violations. RWC 49.52.070. Here, Defendants assert that "Plaintiffs' purported claims under Chapter 49.52 RCW are barred in whole or in part because Plaintiffs, or some or all of the alleged putative class members, knowingly submitted to some or all of the alleged violations." Dkt. 223, at Affirmative Defense No. 16. According to Defendants, their "knowing submission" defense "rests upon Plaintiffs' own conduct in failing to report their alleged 'off-the-clock' work activities. Where Plaintiffs knowingly failed to report such work, they knowingly submitted to being paid only for the hours they reported working." Dkt. # 419 at 10.

Plaintiffs argue that this affirmative defense must be stricken because Defendants have

not produced any evidence in support of it. The Court disagrees. Defendants have produced at least some evidence in support of their "knowing submission" defense, including evidence that they routinely instruct employees not to work "off-the-clock," and that employees are required to sign and certify the accuracy of their timecards. Based upon this evidence, the finder of fact might reasonably conclude that Plaintiffs knowingly submitted to the violations at issue. As such, summary judgment is inappropriate. Fed. R. Civ. P. 56(a).

E. Offset

Defendants assert two offset defenses:

(1) "If [Defendants] were liable to any of the Plaintiffs or the alleged putative class members, which [Defendants] expressly den[y], then [Defendants] would be entitled to a setoff or credit for any wages paid or benefits provided to those Plaintiffs or alleged putative class members to which he, she or they were not entitled and/or did not earn."

(2) "To the extent that Plaintiffs' claims on behalf of themselves or the alleged putative class members relate to allegedly unpaid straight-time or overtime or missed meal or rest periods, these claims may be barred by partial payment, or by the receipt of compensatory or offsetting time off."

Dkt. # 223, at Affirmative Defense Nos. 23-24 (collectively, the "Offset Defenses").

Plaintiffs argue that the Court should strike the Offset Defenses because, pursuant to Washington law, employers have only ninety (90) days to recoup overpayment from their employees. WAC 296-126-030(4). Because more than 90 days have passed since any alleged overpayment could have occurred, Plaintiffs argue that the Offset Defenses are inapplicable as a matter of law.[4] The Court disagrees. WAC 296-126-030(4), which specifies the conditions under which an employer may "recover an overpayment from an employee's paycheck,"

---

[4] Plaintiffs also argue that, even though the FLSA permits employers to offset their employees' damages in certain circumstances, Washington law nevertheless controls here regarding the issue of offset. Dkt. # 411 at 10. Because the Court concludes that WAC 296-126-030(4) is inapplicable, it need not address this issue.

8

applies with respect to "an employee's current or future wages." That statute does not apply here because Defendants are not attempting to recoup overpayment from Plaintiffs' paychecks, nor can it be said that they are they looking for an offset against Plaintiffs' current or future wages. Instead, Defendants seek to offset their damages in this case in an amount equal to any unearned compensation Plaintiffs may have received in the past. As such, WAC 296-126-030(4) is inapplicable.

F. <u>Voluntarily Withdrawn Affirmative Defenses</u>

Prior to submission of the instant motion, Defendants voluntarily withdrew, "without prejudice," the affirmative defenses of laches, waiver, ratification and ultra vires. Plaintiffs seek an order striking those affirmative defenses with prejudice, and Defendants do not oppose this request. Accordingly, the defenses of laches, waiver, ratification and ultra vires are hereby stricken with prejudice.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART as follows:

(1) Plaintiffs' Motion is GRANTED with respect to the affirmative defenses of laches, waiver, ratification and ultra vires, which are hereby STRICKEN WITH PREJUDICE.

(2) Plaintiffs' Motion is DENIED in all other respects.

Dated this 21 day of February 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE