UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YEDIDA KHADERA, KEVIN HUDSON, and SAM RICHARDSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED, AMERICAN BUILDING MAINTENANCE CO. – WEST, and DOES I through X, inclusive,<br><br>Defendants. | NO. C08-0417 RSM<br><br>**ORDER OF SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE** |

WHEREAS, this Court has considered Plaintiffs' Unopposed Motion for Approval of Collective Action Settlement; and

WHEREAS, the Court, being advised, finds that good cause exists for entry of the below Order; now, therefore,

IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Stipulation of Settlement attached as Exhibit 1 to the Declaration of Jennifer Rust Murray in Support of Plaintiff's Motion for Approval of Collective Action Settlement.

ORDER OF SETTLEMENT APPROVAL AND
DISMISSAL WITH PREJUDICE - 1
CASE NO. C08-0417 RSM

2. The Court finds it has personal and subject matter jurisdiction over all claims asserted in this litigation with respect to all members of the Settlement Class.

3. The settlement of this action on the terms set forth in the Stipulation of Settlement is approved as being fair, adequate, and reasonable in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the claims. The relief provided to the Settlement Class under the Stipulation of Settlement is appropriate as to the individual members of the Settlement Class and as a whole. The Stipulations of Settlement is a fairly and reasonably resolves a bona fide dispute over FLSA provisions.

4. The Court approves a payment of $1,120,000 in statutory fees and costs to Plaintiffs' counsel as fair and reasonable based on the lodestar method, which courts use to determine the reasonableness of fees awarded pursuant to a fee-shifting statute. Of this amount, $82,529.30 will reimburse Plaintiffs' counsel for the reasonable costs they incurred prosecuting this litigation, including: (1) expert fees, (2) copying, mailing, and messenger expenses; (3) deposition expenses; (4) computer research expenses; and (5) mediation expenses. In addition, $8,500 will be used to pay the independent claims administrator, Garden City Group, to calculate taxes, issue 1099 forms to class members, and send settlement award checks. The remaining $1,028,970.70 will compensate Plaintiffs' counsel for fees incurred prosecuting this case. The awarded fees are substantially less (approximately 50 percent) than Plaintiffs' counsel's total lodestar, which as of October 15, 2012 was $2,048,632.70. Plaintiffs' counsel's lodestar was calculated based on a reasonable number of hours expended on the litigation multiplied by counsel's reasonable hourly rates.

5. The Court approves as reasonable Enhancement Payments of $10,000 each to Plaintiffs Yedida Khadera, Kevin Hudson, and Sam Richardson to compensate them for the work they performed on behalf of the Settlement Class. These Enhancement Payments are in addition to the share of the Class Payment that the Named Plaintiffs are entitled to receive under the terms of the Stipulation of Settlement.

6. The Stipulation of Settlement is binding on all Class Members.

7. The Court finds that Plaintiffs' counsel have sent notice to all Class Members of the Stipulation of Settlement and have provided detailed information regarding: (1) the amount the Class Member is estimated to receive in settlement; and (2) the amount of attorneys' fees and costs requested by Plaintiffs' counsel. The Court finds that this notice reached over 98 percent of all Class Members. No Class Member has objected to the Stipulation of Settlement, including the amount of the settlement or Plaintiffs' counsel's fee and cost request.

8. Within 15 business days after the Court approves the Stipulation of Settlement, Defendants shall deposit the money necessary to fund the Settlement into an account maintained by the Claims Administrator.

9. Within ten calendar days after Defendants' deposit of funds with the Claims Administrator, the Claims Administrator will pay to Plaintiffs' counsel all Court-approved attorneys' fees and costs (except for costs of notice and claims administration) and Enhancement Awards. These funds will be maintained in trust by Plaintiffs' counsel until the settlement's Effective Date.

10. Within ten days following the deadline for Class Members to submit a Verification Form to Plaintiffs' counsel, Plaintiffs' counsel shall send the Claims Administrator a spreadsheet (the "Claims Spreadsheet"), listing the names, addresses, and settlement payment amounts of all Qualified Claimants.

11. Within ten days of the Effective Date or twenty days of the deadline to submit Verification Forms, whichever is later, the Claims Administrator shall mail each Qualified Claimant a check for his or her share of the Class Payment minus all appropriate payroll taxes. The Claims Administrator shall be responsible for calculating and withholding all required state and federal taxes on behalf of both Class Members and Defendants.

12. All Class Members are bound by the terms of the Stipulation of Settlement. As of the Settlement's Effective Date, all Settlement Class Members shall be deemed to have

released, to the extent permitted by law, the Released Parties from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, or causes of action which arise from the factual allegations and claims asserted in the *Khadera* Action including, without limitation, any and all claims for alleged wage and hour violations under Washington or federal law, including claims under 29 U.S.C.A. §§ 201-219, RCW 49.46.130, RCW 49.46.090, RCW 49.52.050, WAC 296-126-092, liquidated damages, punitive damages, penalties under Washington or federal law, or any other benefit claimed on account of the allegations asserted in this Action arising from March 12, 2005 through December 31, 2011.

13.   Plaintiffs Yedida Khadera, Kevin Hudson, and Sam Richardson release and forever discharge, to the extent permitted by law, the Released Parties from any and all claims, demands, liabilities, and causes of action of every kind, whether known or unknown, stemming from or in any way related to their employment by, and /or termination from employment with, Defendants, including, but not limited to, any and all claims which are, or may be based upon or connected in any manner with any of the matters referred to or encompassed in any of the pleadings, records, or other papers filed in this action.  This release specifically covers, but is not limited to, any wage and hour complaints; whistleblower complaints; physical or mental disability claims under local, state, or federal law; any claims of discrimination based on race, color, national origin, sex, marital status, veteran status, age (including claims under the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*), or any other protected characteristic; any tort claims; and any claims under any express or implied contract.  This release is intended to be all encompassing and includes any and all claims and causes of action that Plaintiffs Khadera, Hudson, and Richardson may have against any of the Released Parties that arose on or before the Effective Date of this Agreement.

14.   This Court hereby dismisses this action with prejudice as to all Class Members.

15. The dismissal of the claims against Defendants is without prejudice to the rights of the Parties to enforce the terms of the Stipulation of Settlement and the rights of Plaintiffs' counsel to seek the payment of fees and costs provided for in the Stipulation of Settlement. Without affecting the finality of this Order, or the judgment to be entered pursuant hereto, in any way, the Court retains jurisdiction over the claims against Defendants for purposes of resolving any disputes that may arise under the Stipulation of Settlement.

DATED this 19th day of October 2012.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Jennifer Rust Murray, hereby certify that on October 19, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Shannon E Phillips, WSBA #25631
>Email:  shannonp@summitlaw.com
>Molly A. Terwilliger, WSBA #28448
>Email:  mollyt@summitlaw.com
>SUMMIT LAW GROUP PLLC
>315 Fifth Avenue South, Suite 1000
>Seattle, Washington  98104-2682
>Telephone: 206.676.7000
>Facsimile: 206.676.7093
>
>Douglas Edward Smith, WSBA #17319
>Email:  desmith@littler.com
>LITTLER MENDELSON PC
>600 University Street, Suite 3200
>Seattle, Washington  98101-3122
>Telephone: 206.623.3300
>Facsimile: 206.447.6965
>
>Keith Jacoby, *Admitted Pro Hac Vice*
>Email:  kjacoby@littler.com
>LITTLER MENDELSON PC
>2049 Century Park East, 5th Floor
>Los Angeles, California 90067-3107
>Telephone: 310.553.0308
>Facsimile: 310.553.5583
>
>Robert W. Pritchard, *Admitted Pro Hac Vice*
>Email:  rpritchard@littler.com
>LITTLER MENDELSON PC
>625 Liberty Avenue, 26th Floor
>Pittsburg, Pennsylvania  15222-3110
>Telephone: 412.201.7600
>Facsimile: 412.456.2377
>
>*Attorneys for Defendants*

ORDER OF SETTLEMENT APPROVAL AND
DISMISSAL WITH PREJUDICE - 6
CASE NO. C08-0417 RSM

| | |
|---|---|
| 1 | DATED this 19th day of October, 2012. |
| 2 | TERRELL MARSHALL DAUDT & WILLIE PLLC |

By: /s/ Jennifer Rust Murray, WSBA #36983
Jennifer Rust Murray, WSBA # 36983
Email:  jmurray@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
Telephone:  206.816.6603
Facsimile:   206.350.3528

*Attorneys for Plaintiffs*

ORDER OF SETTLEMENT APPROVAL AND
DISMISSAL WITH PREJUDICE - 7
CASE NO. C08-0417 RSM